**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

JERMAINE MCINTOSH

Plaintiff,

Case No.: 0:26-cv-60370-AHS

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION, LLC; MIDLAND CREDIT MANAGEMENT INC.; CAPITAL ONE FINANCIAL CORPORATION D/B/A CAPITAL ONE; COMENITY CAPITAL BANK; BANK OF AMERICA NA; AND EXETER FINANCE LLC,

Defendants.

---

**DEFENDANT EXTER FINANCE LLC'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE AS TO EXETER**

---

Defendant Exeter Finance LLC ("Exeter" or "Defendant"), by and through undersigned counsel, hereby moves to compel Plaintiff Jermaine McIntosh ("Plaintiff") to submit to mandatory arbitration pursuant to the parties' contractual arbitration provision and to dismiss the case as to Exeter.

## I. INTRODUCTION

Plaintiff agreed to arbitrate any claims arising out of or relating to a Retail Installment Sale Contract ("Contract") entered into 2018 with a car dealership, which was immediately assigned to Exeter. Because Plaintiff's Fair Credit Reporting Act claims against Exeter relate to and arise out of that Contract, they are subject to mandatory arbitration. Exeter therefore moves this Court to compel Plaintiff to arbitrate such claims and to dismiss the case as to Exeter.

## II. FACTUAL BACKGROUND[1]

On March 13, 2018, Plaintiff executed a Retail Installment Sale Contract (the "Contract") with Coral Springs Honda ("Dealer") for the purchase of a 2015 Nissan Altima, Vehicle Identification No. ***********400147. *See* Ex. A, Declaration of Amber Fuechsel, its Ex. A-1. That same day, Dealer assigned the Contract to Exeter. *See* Ex. A-1. at 5.

The Contract contains an Arbitration Provision that is mandatory if ether party chooses arbitration. *Id.* ("Either you or we may choose to have any dispute between us decided by arbitration . . . ."). The Arbitration Provision further provides that:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or conditions of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. . . .This Arbitration Provision shall survive any termination, payoff or transfer of this contract.

*Id.*

Exeter subsequently sold the Contract to NCB Management Services, Inc. on March 23, 2023. Ex. A at ¶ 5.

On February 11, 2026, Plaintiff filed the instant lawsuit against Exeter, among others, alleging violations of the Fair Credit Reporting Act claim based on his allegations that Exeter reported false and inaccurate information to the credit reporting bureaus relating to his Exeter account. Compl. ¶¶ 14-15. Plaintiff further alleges that he disputed the reporting by Exeter to co-

[1] This Motion is supported by the Declaration of Amber Fuechsel, which is attached hereto and incorporated herein as Exhibit A.

defendants Equifax and Experian, but that Exeter failed to conduct a reasonable investigation into the disputes and therefore violated 15 U.S.C. §1681s-2(b) *Id.* ¶¶ 21, 277-88.

## LAW AND ANALYSIS

### A. Motion to Compel Arbitration Standard

When reviewing a motion to compel arbitration, the Court of Appeals for the Eleventh Circuit has explained that courts should consider such a motion "similarly to motions for summary judgment." *Hearn v. Comcast Cable Commc'ns, LLC*, 992 F.3d 1209, 1215 n.3 (11th Cir. 2021) (citing *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016) (concluding "that a summary judgment-like standard is appropriate and hold[ing] that a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement")). Once the movant satisfies its initial burden of showing there is no genuine issue of material fact, then "the burden shifts to the nonmovant to show evidence raising a genuine issue of material fact." *Deal v. Tugalo Gas Co.*, 991 F.3d 1313, 1325 (11th Cir. 2021). "A plaintiff challenging the enforcement of an arbitration agreement bears the burden to establish, by substantial evidence, any defense to the enforcement of the agreement." *Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1362 (S.D. Fla. 2013) (citing *Bess v. Check Express*, 294 F.3d 1298, 1306-07 (11th Cir. 2002)).

### B. The Federal Arbitration Act Mandates Enforcement of the Arbitration Provision

The Federal Arbitration Act ("FAA") "reverse[d] the longstanding judicial hostility to arbitration agreements" and thereby "place[s] arbitration agreements upon the same footing as other contracts.'" *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) (alteration in original)). The FAA

provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The court must resolve any doubts concerning the scope of an arbitration agreement in favor of arbitration. *Moses H. Cone Mem'l. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983) ("[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.").

The FAA creates a "presumption of arbitrability" such that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1115-16 (11th Cir. 2014). There is an "emphatic federal policy in favor of arbitral dispute resolution," and courts are to construe "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration." *Cordoba v. DIRECTV, LLC*, 801 F.App'x 723, 725 (11th Cir. 2020) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)); *see also Bazemore*, 827 F.3d at 1329 (same). "By its terms, the [FAA] leaves no room for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Jewelry Repair Enters., Inc. v. Son Le Enters., Inc.*, No. 9:15-CV-81622-BB, 2016 WL 660904, at *3 (S.D. Fla. Feb. 18, 2016) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 213 (1985)) (emphasis added).

When presented with a motion to compel arbitration, a district court will consider three factors: (1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived. *Gomez v. Allied Pros. Ins. Co.*, 457 F. Supp. 3d 1351, 1356-57 (S.D. Fla. 2020) (collecting cases) "A plaintiff challenging the enforcement of an

arbitration agreement bears the burden to establish, by substantial evidence, any defense to the enforcement of the agreement." *Id*. citing *Inetianbor*, 923 F. Supp. 2d at 1362.

## C. The Arbitration Provision is Valid and Enforceable

Here, the Contract is a valid and enforceable agreement. The Contract is signed, dated, and initialed on each page by the Plaintiff. *See* Ex. A-1. Plaintiff's signature at the bottom of page 2 appears under the "**Agreement to Arbitrate"** heading in bold, wherein he expressly agreed that either party may elect to resolve any dispute by arbitration and not a court action:

> **Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
> Buyer Signs X ______ Co-Buyer Signs X N/A
>
> 35610*1*CS120-FI 03/13/2018, 12:05 pm
>
> Buyer Initials X S.M Co-Buyer Initials X N/A LAW 553-FL-ARB-eps-14 5/14 v1 Page 2 of 5

*Id.*

The Arbitration Provision appears at the top of page 5 of the Contract, and is set forth conspicuously in all caps, in bold lettering, as follows:

> **ARBITRATION PROVISION**
> **PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**
>
> 1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
> 2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
> 3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

*Id.*

Plaintiff's signature appears multiple times on page 5, including a re-acknowledgment and agreement to the Arbitration Provision which provides as follows:

> **You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.**
> Buyer Signs X ______ Date 03/13/2018 Co-Buyer Signs X N/A Date N/A
> Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
> Other owner signs here X N/A Address N/A
> Seller Signs CORAL SPRINGS HONDA Date 03/13/2018 By X ______ Title F&I MGR

*Id.*

Thus, the Arbitration Provision is valid and enforceable.

**D. Plaintiff's Claims are Within the Scope of the Arbitration Agreement**

Here, the plain language of the Contract undoubtedly shows that the parties agreed to arbitrate the claims raised by Plaintiff in this litigation, including the arbitrability of the claim. The Arbitration Provision applies to any controversy or claim arising out of or relating to:

> "Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or conditions of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action…This Arbitration Provision shall survive any termination, payoff or transfer of this contract."

*See* Ex. A-1 at 5.

Plaintiff's claims against Exeter are related to and arise out of the Contract, as the reporting of the account evidenced by the Contract and the alleged investigation by Exeter into a dispute of that reporting forms the basis for the Plaintiff's FCRA claim. *See Torruellas v. Credit Acceptance Corp.*, Case No. 6:20-cv-895-Orl-37, 2020 WL 13389781 at *3 (M.D. Fla. June 25, 2020) ("As [the FCRA and FDCPA] claims arise from credit reporting and the collection of funds due under the Contract, they fit within the broad scope of the Arbitration Agreement".); *see also Tuttle v. Credit Acceptance Corp.*, Case No: 8:18-cv-2181-T-23, 2018 WL 6621374, at *2 (M.D. Fla. Oct. 31, 2018) (finding the FDCPA claim "pertains to 'any controversy or claim between [Plaintiff] and [Defendant] arising out of or in any way related to'" the retail installment contract for purchase of a vehicle); *Ware v. Citigroup Fin. Prods., Inc.*, No. 1:13-cv-00369, 2014 WL 12859988, at *5 (N.D. Ga. Feb. 10, 2014) (stating that FDCPA and FCRA claims are not exempted from arbitration and citing cases in support).

**E. Exeter is Entitled to Enforce the Arbitration Provision**

Exeter is entitled to enforce the Arbitration Provision regardless of any subsequent termination, payoff or transfer of the Contract based upon the survival clause, which provides that "This Arbitration Provision shall survive any termination, payoff or **transfer** of this contract." *See* Ex. A-1 at 5 (emphasis added).

This Court and others in the Eleventh Circuit have consistently enforced arbitration after a contractual relationship ends based upon a survival clause. *See Milfort v. Comcast Cable Commc'ns Mgmt. LLC*, 309 F. Supp. 3d 1268, 1272 (S.D. Fla. 2018) (finding that the arbitration provision in a subscriber agreement remained in effect following the termination of a business relationship between the parties); *see also Day v. Persels & Assocs.*, No. 8:10-CV-2463-T-33, 2011 WL 1770300, at *3 (M.D. Fla. May 9, 2011) (finding that the cancelation of services did not revoke the entire agreement where the agreement expressly stated that the "Arbitration Agreement ... paragraph[ ] of this agreement continue to apply after this agreement ends").

Further, even in the absence of a survival clause, arbitration provisions are to be enforced post-termination unless specifically excluded from arbitration. *See Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionary Workers Union*, 430 U.S. 243, 255 (1977) (providing that an arbitration clause survives the termination of the contract unless the agreement to arbitrate is "negated expressly or by clear implication.); *see also Auchter Co. v. Zagloul*, 949 So. 2d 1189, 1195 (Fla. 1st DCA 2007) ("[a]rbitration provisions are to be construed to require arbitration of disputes arising after the cancellation of the underlying contract unless such disputes are specifically excluded from arbitration.") (citations omitted). Here, notwithstanding the survival clause, there is nothing within the Contract to suggest that the Arbitration Provision does not survive termination, payoff or transfer of the Contract.

**F. Any Dispute as to Arbitrability is to be Decided through Arbitration**

While it is indisputable that the Plaintiff's FCRA claim against Exter falls within the arbitration provision, any dispute pertaining to arbitrability is to be decided through arbitration based upon the Contract's delegation provision. Under the FAA, "parties may agree to have an arbitrator decide not only the merits of a particular dispute but also gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67-68 (2019). An "agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010). Accordingly, "[j]ust as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about that matter." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (internal citations omitted).

"An antecedent agreement of this kind is typically referred to as a 'delegation provision.'" *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) (citing *Rent-A-Center*, 561 U.S. at 68). When "an arbitration agreement contains a delegation provision ... the courts only retain jurisdiction to review a challenge to that specific provision." *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1144 (11th Cir. 2015). "Absent a direct challenge, we must treat the delegation provision as valid and allow the arbitrator to determine the issue of arbitrability." *Id*. at 1148.

The arbitration clause in this action "clearly and unmistakably evinces the parties' intent to arbitrate all gateway issues." *Jones*, 866 F.3d at 1267. The clause commits to arbitration "any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and

scope of this Arbitration Clause, and the arbitrability of the claim or dispute)" that arises out of or relates to Plaintiff's "credit application, purchase or condition of this vehicle, this contract, or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract)." Ex. A-1 at 5. The Eleventh Circuit has held that materially identical language "provid[es] clear and unmistakable evidence that the parties intended to commit the issue of arbitrability to the arbitrator." *Parnell*, 804 F.3d at 1148 (delegation clause "commit[ed] all 'Disputes' to arbitration and expressly state[d] that a Dispute includes 'any issue concerning the validity, enforceability, or scope of this loan or the Arbitration agreement' "); *see also Perei v. Arrigo DCJ Sawgrass, Inc.*, No. 18-CV-60091-BB, 2018 WL 1182570, at *4 (S.D. Fla. Mar. 7, 2018) (finding clear evidence of delegation where "the parties expressly agreed that any claims 'including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute' are subject to binding arbitration").

**G. Exeter Did Not Waive the Right to Arbitrate**

The Eleventh Circuit has determined that under the FAA, a two-part test is used to establish a waiver of a right to demand arbitration. *Gomez v. Allied Pros. Ins. Co.*, 457 F. Supp. 3d 1351, 1363 (S.D. Fla. 2020). "First, we decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." *Id.* citing *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002) (internal quotation marks omitted). A party acts inconsistently with the arbitration right when the party "substantially invokes the litigation machinery prior to demanding arbitration." *Id.* (citing *S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)). "[S]econd, we look to see whether, by [acting inconsistently with the arbitration right], that party has in some way prejudiced the other party." *Id.* (citing *Ivax Corp.*, 286 F.3d at 1316). To determine whether the other party has been prejudiced, "[the court] may

consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." *Id.* (citing *S&H Contractors*, 906 F.2d at 1514). "Prejudice exists when the party opposing arbitration undergoes the types of litigation expenses that arbitration was designed to alleviate." *Id.* (citing *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (internal quotations omitted)). Whether a party waived its right to arbitration is controlled solely by federal law. *Id.* (citing *See S&H Contractors*, 906 F.2d at 1514, and *Pierre-Louis v. CC Sols., LLC*, No. 17-CV-60781, 2017 WL 4841428, at *2 (S.D. Fla. Oct. 26, 2017)). Moreover, "'[b]ecause federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof.'" *Id.* (citing *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990)).

Here, Exeter has not waived the right to arbitrate as it has not acted inconsistently with the right to arbitrate by participating in prior litigation or delaying the filing of this Motion to Compel Arbitration. This Motion is being filed within 21 days of Exeter being served with the Complaint on February 13, 2026.

### H. Dismissal of the Case as to Exeter is Appropriate as All of the Claims against Exeter are Subject to Mandatory Arbitration

When all of the issued raised in a case are subject to arbitration and arbitration is compelled, the case may be properly dismissed. *See Olsher Metals Corp. v. Olsher*, No. 01-3212-CIV-AJ, 2003 WL 25600635, at *9 (S.D. Fla. Mar. 26, 2003), aff'd, 90 F. App'x 383 (11th Cir. 2003) (compelling arbitration and dismissing case where all claims were subject to arbitration); *Hodgson v. NCL (Bahamas), Ltd.*, 151 F. Supp. 3d 1315, 1317 (S.D. Fla. 2015) (compelling arbitration, denying Plaintiff's request to stay the case, and dismissing the case, reasoning that "[e]ach claim alleged in Plaintiff's Complaint falls within the purview of the arbitration provision . . . and therefore, there is nothing remaining for this Court to consider"); *Eco Brands, LLC ex rel. Midas*

*Fin. Grp., LLC v. Eco Brands, LLC*, No. 20-21713-CIV-AR, 2021 WL 724924, at *7 (S.D. Fla. Feb. 5, 2021) (granting motion to compel arbitration, delegating arbitrability of claims to an arbitrator, and dismissing the case). Here, all of the Plaintiff's claims against Exeter are subject to arbitration. Therefore, upon compelling of arbitration, dismissal of the case as to Exeter is appropriate.

## III. CONCLUSION

Exeter respectfully requests that this Court grant its Motion to Compel Arbitration, issue an Order compelling Plaintiff to submit to arbitration pursuant to the Contract and dismiss the case against Exeter. Exeter further requests all further relief, in law or equity, to which it may be justly entitled.

## RULE 7.1(A)(3) CERTIFICATION OF PRE-FILING CONFERENCE

The undersigned counsel hereby certifies that he has conferred with counsel for the Plaintiff regarding the relief sought in the foregoing Motion in a good faith effort to resolve by agreement the issues raised in the Motion. The result of said conferral was that counsel for the Plaintiff and the undersigned counsel were unable to resolve by agreement the issues raised in the Motion.

Dated: March 5, 2026

Respectfully submitted,

*/s/Jonathan Blackmore*
Jonathan L. Blackmore
Florida Bar No. 67902
POLSINELLI PC
315 S. Biscayne Blvd., Suite 400
Miami, FL 33131
Tel: (305) 921-1810
jblackmore@polsinelli.com
FLdocketing@polsinelli.com
krusselburg@polsinelli.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 5, 2026, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, which will send notice to all counsel of record.

*/s/Jonathan Blackmore*
Jonathan L. Blackmore
Florida Bar No. 67902