**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 26-CV-60370-MIDDLEBROOKS

JERMAINE MCINTOSH,

        Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS,
INC.; EQUIFAX INFORMATION SERVICES
LLC; TRANS UNION, LLC; MIDLAND
CREDIT MANAGEMENT INC.; CAPITAL
ONE FINANCIAL CORPORATION D/B/A
CAPITAL ONE; COMENITY CAPITAL
BANK; BANK OF AMERICA NA; AND
EXETER FINANCE LLC,

        Defendant.

_____

## <u>ORDER DENYING MOTION TO COMPEL ARBITRATION</u>

THIS CAUSE is before the Court on Defendant Exeter Finance LLC's Motion to Compel

Arbitration and to Dismiss Case as to Exeter, filed on March 5, 2026. (DE 27). Plaintiff filed his

Response on April 9, 2026. (DE 61). Defendant filed its Reply on April 16, 2026. (DE 63). For the

reasons stated, Defendant's Motion is denied.

On February 11, 2026, Plaintiff Jermaine McIntosh filed his complaint against Defendants

Experian Information Solutions Inc, Equifax Information Services LLC, Trans Union LLC,

Midland Credit Management Inc, Capital One Financial Corporation d/b/a Capital One, Comenity

Capital Bank, Bank of America NA, and Exeter Finance LLC for violations of the Fair Credit

Reporting Act. 15 U.S.C. §1681s-2(b).[1] Plaintiff filed an Amended Complaint on April 3, 2026. (DE 61). With respect to Defendant Exeter, Plaintiff purchased a vehicle from Coral Springs Honda and executed a Retail Installment Sale Contract, and Coral Springs Honda subsequently assigned the contract to Defendant. (DE 61 at 1). Plaintiff alleges that in or around August 2024 Exeter failed to conduct any reasonable investigation into Plaintiff's disputes, failed to review all relevant information provided, and failed to delete inaccurate information, all in violation of the FCRA. (DE 56 at ¶¶ 21, 335—338). Exeter now moves to compel arbitration asserting that the contract at issue contained a binding arbitration clause.

Agreements to arbitrate are enforced pursuant to the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 2[2]; *Circuit City Stores, Inc. v. Saint Clair Adams*, 532 U.S. 105 (2001) ("the FAA compels judicial enforcement of a wide range of written arbitration agreements"). When considering whether to enforce an arbitration agreement, a court must first determine whether the parties agreed to arbitrate their dispute. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Next, a court must consider "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Id.* at 627-28.

Here, Defendant Exeter argues that the contract between Plaintiff and Defendant contains an arbitration provision. But Defendant Exeter sold the contract to a third party, NCB Management Services, Inc., on March 23, 2023, more than a year before Plaintiff's allegation. (DE 61 at 2).

---

[1] Defendants Comenity Capital Bank and Midland Credit Management Inc. have both settled with Plaintiff and filed joint stipulations of dismissal. (DE 60, DE 76).

[2] Section two of the FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Exeter relies on language in the arbitration provision which states that the provision "shall survive any termination, payoff or transfer of this contract." (DE 27 at 2). Therefore, despite its assignment of the contract, Defendant Exeter contends that the survival clause permits it to enforce arbitration against the Plaintiff. (*Id.* at 7). Not so.

Defendant cites caselaw to support its contention, but the cited law stands for a different proposition entirely. For example, Defendant relies on a district court case, *Milfort v. Comcast Cable Commc's Mgmt. LLC,* that found that the arbitration provision in an agreement remained in effect following the termination of a business relationship between the parties. 309 F. Supp. 3d 1268, 1272 (S.D. Fla. 2018). The proposition that survival clauses survive termination is hardly debatable. But it is another matter to suggest that the assignor maintains the rights under the contract through a survival clause in addition to the assignee. Defendant offers no authority to suggest as much. Indeed, assignment is analytically distinct from termination and leads to a different conclusion than Defendant's. Assignment is "a transfer or setting over of property, or of some right or interest therein, from one person to another." *Cont'l Cas. Co. v. Ryan Inc. E.,* 974 So. 2d 368, 376 (Fla. 2008). Termination, in contrast, is defined under Florida's Uniform Commercial Code when "either party … puts an end to the contract otherwise than for its breach. Upon termination, all obligations that are still executory on both sides are discharged but any right based on prior breach or performance survives." Fla. Stat. 672.106(3). An assignment leaves the assignee in the shoes of the assignor, who now possesses rights and obligations under the contract while the non-assigning party sees no change to its rights and obligations under the contract. *Dove v. McCormick,* 698 So.2d 585 (Fla. 5th DCA 1997). Termination, and the cases cited by the Defendant, do not contemplate this situation. The assignor, meanwhile, is without the right to enforce the contract after it has been assigned. *Lauren Kyle Holdings, Inc. v. Heath–Peterson*

3

*Const. Corp.*, 864 So.2d 55, 58 (Fla. 5th DCA 2003); *see also See Estate of Basile v. Famest, Inc.*, 718 So.2d 892 (Fla. 4th DCA 1998). Therefore, Defendant Exeter cannot avail itself of the contractual arbitration provision.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Exeter Finance LLC's Motion to Compel Arbitration and to Dismiss Case as to Exeter (DE 27) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 3 day of June, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc.

Counsel of Record